**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Ilona Antonovich, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 4841 |
| | ) | |
| Portfolio Recovery Associates, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ilona Antonovich, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts

business here.

**PARTIES**

3.      Plaintiff, Ilona Antonovich ("Antonovich"), is a citizen of the State of Illinois,

residing in the Northern District of Illinois, from whom Defendant attempted to collect a

delinquent consumer debt owed for a CitiFinancial account, despite the fact that she

was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal

Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Portfolio Recovery Associates, LLC, is a Delaware limited liability company ("PRA") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Antonovich.

5. Defendant PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then tries to collect via collection letters, phone calls and lawsuits.

6. Defendant PRA is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRA conducts extensive and substantial business in Illinois.

7. Moreover, Defendant PRA is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRA acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

8. Ms. Antonovich is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a CitiFinancial account. At some point in time after that account became delinquent, defendant PRA

2

bought this debt. When Defendant PRA began trying to collect the CitiFinancial debt from Ms. Antonovich, by sending her an initial form collection letter, dated April 19, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PRA's collection actions. A copy of this collection letter is attached as Exhibit <u>C</u>.

9. Accordingly, on May 26, 2010, one of Ms. Antonovich's attorneys at LASPD informed PRA, in writing, that Ms. Antonovich was represented by counsel, and directed PRA to cease contacting her, and to cease all further collection activities because Ms. Antonovich was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

10. Nonetheless, on June 3, 2010, Defendant PRA called Ms. Antonovich from phone number 800-772-1413 and its debt collector threatened "to take her to court".

11. Accordingly, via a letter, dated June 14, 2010, that was faxed on June 15, 2010, Ms. Antonovich's LASPD attorney again notified Defendant PRA to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit <u>E</u>.

12. Defendant PRA's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letter from Ms. Antonovich's agent, LASPD, told Defendant PRA to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendant PRA violated § 1692c(c) of the FDCPA.

17.     Defendant PRA's violation of § 1692c(c) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant PRA knew that Ms. Antonovich was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant

PRA to cease directly communicating with Ms. Antonovich.  By directly calling Ms. Antonovich, despite being advised that she was represented by counsel, Defendant PRA violated § 1692c(a)(2) of the FDCPA.

21.    Defendant PRA's violation of § 1692c(a)(2) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ilona Antonovich, prays that this Court:

1.    Find that Defendant PRA's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Antonovich, and against Defendant PRA, for damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ilona Antonovich, demands trial by jury.

Ilona Antonovich,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  August 2, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com